UNITED STATES DISTRICT COURT

### DISTRICT OF NEW JERSEY
### CAMDEN DIVISION

| | |
|---|---|
| Debra L. Stevens, Administrator Ad Prosequendum of the Estate of JIMMY LEE TESTA and in her own right, <br><br> Plaintiffs, <br><br> -vs- <br><br> JOHN FALLICK, NICHOLAS MULLER, JOHN DOES 1-10 AND ABC ENTITIES A-Z <br><br> Defendants | Civil Action <br><br> No. <br><br> Hon.: <br><br> COMPLAINT AND JURY DEMAND |

### COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES Plaintiffs, Debra L. Stevens, Administrator Ad Prosequendum of the Estate of JIMMY LEE TESTA and in her own right, and the Personal Representatives of the Estate, by and through his attorneys, complaining of Defendants, and respectfully alleges as follows:

### JURISDICTION AND VENUE

1. This is a civil rights action in which the Plaintiffs seek relief for the violation of their rights secured by 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments.

2. Jurisdiction of this Court is found upon 28 U.S.C. § 1331.

3. The events that give rise to this lawsuit took place at 147 High Street in Leesburg, Cumberland County, New Jersey.

4. Venue is appropriate in the District of New Jersey pursuant to 28 U.S.C § 1391(b) since the acts providing the legal basis for this complaint occurred in the City of Leesburg, County of Cumberland, State of New Jersey.

## PARTIES

5. Plaintiffs, the Estate of JIMMY LEE TESTA, is the Estate of Jimmy Lee Testa ("Mr. Testa"), a deceased person. Debra L. Stevens is the mother of the decedent and she brings this action on behalf of the decedents estate and in her own right

6. Defendant JOHN FALLICK ("Fallick") is a State Trooper employed by New Jersey State Police of Port Norris Barracks and at all times relevant herein, was acting under color of state law.

7. Defendant NICHOLAS MULLER ("Muller") is a State Trooper employed by New Jersey State Police of Port Norris Barracks and at all times relevant herein, was acting under color of state law.

## STATEMENT OF FACTS

8. On November 6, 2016, at approximately 12:20 P.M., decedent, Jimmy Lee Testa, was walking through an unoccupied house at 147 High Street, Leesburg, New Jersey, looking for pieces of scrap metal to recycle and sell for currency.

9. A neighbor called the police.

10. Shortly thereafter, Defendant Fallick (herein "Defendant Fallick") and Defendent Muller (herein "Defendant Muller") arrived at the scene and found Mr. Testa in the backyard.

11. A physical struggle ensued between Defendant Fallick, Defendant Muller and Mr. Testa,

12. Mr. Testa broke free and ran from the officers to a neighboring house.

13. The Troopers continued to chase Mr. Testa and used pepper spray on him when they encountered him for the second time.

14. Defendant Fallick then shot Mr. Testa in the back.

15. According to the Attorney General's Investigation, Defendant Fallick shot Mr. Testa in the upper body because the pepper spray did not appear to have any effect.

16. Defendant Fallick claims that Mr. Testa was swinging a large metal pole at them to justify his blatant and unjustified use of deadly force.

17. This claim is not true. At no time did plaintiff swing any such object at any State Trooper. Plaintiff did nothing to justify the complained-of use of force utilized by defendants.

18. When the paramedics arrived an hour later at 1:20 P.M., Mr. Testa had died.

## COUNT I
## VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983
### (Fourth Amendment – Excessive Force)

19. Plaintiffs incorporates herein all the prior allegations.

20. The Fourth Amendment prohibits law enforcement from using excessive force when effectuating an arrest.

21. Defendant Fallick shot and killed Mr. Testa.

22. When Defendant Fallick shot Mr. Testa without being in fear for his or another's life or safety, he violated Mr. Testa's right to be free from excessive force, in violation of Mr. Testa's constitutionally protected rights under the Fourth and Fourteenth Amendments to the United States Constitution.

23. The above-described action was without legal justification.

24. Defendant Fallick failed to utilize appropriate de-escalation techniques with Mr. Testa, who was not committing any illegal act when encountered by Defendant Fallick and Defendant Muller.

25. Defendant Fallick's use of deadly force, by shooting Mr. Testa in his upper body, was not justified under the totality of the circumstances.

26. At all times relevant, Mr. Testa had a clearly established right to liberty protected in the substantive component of the Due Process Clause of the Fourteenth Amendment to the United States Constitution, including his right to personal safety and bodily integrity, as well as protection from unlawful seizure, unnecessary force, unreasonable force, and excessive force pursuant to the Fourth Amendment to the United States Constitution.

27. At all times relevant, as a State Trooper acting under color of law, Defendant Fallick was required to obey the laws identified under the Fourth and Fourteenth Amendments of the United States.

28. At all times relevant, as a State Trooper acting under color of law Defendant Muller failed to intervene in Defendant Fallick's use of deadly force thereby allowing Defendant Fallick to cause severe bodily harm to Mr. Testa.

29. In violation of Mr. Testa's clearly established constitutionally-protected right to be free from punishment and deprivation of life and liberty without due process of law under the

Fourth and Fourteenth Amendments to the United States Constitution, Defendant Fallick employed unnecessary, unreasonable, excessive and deadly force against Mr. Testa.

30. Because of this unlawful use of excessive force, Mr. Testa died of the injuries inflicted by the Defendant Fallick.

31. All the aforementioned acts deprived Plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

## COUNT II
## WRONGFUL DEATH – WRONGFUL DEATH ACT AND SURVIVOR ACT

32. Plaintiffs incorporates herein all the prior allegations.

33. The defendants caused the death of Testa through their wrongful acts, neglect, and default.

34. As a result of the defendants acts, Plaintiffs suffered damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, Debra L. Stevens, Administrator Ad Prosequendum of the Estate of JIMMY LEE TESTA and Debra L. Testa in her own right, demand judgment and pray for the following relief, jointly and severally, against Defendant Fallick:

    a. Full and fair compensatory damages in an amount to be determined by a jury;

    b. Punitive damages in an amount to be determined by a jury;

    c.    Reasonable attorney's fees and costs of this action; and

    d.    Any such other relief as appears just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all triable issues, per Fed. R. Civ. P. 38(b).

Respectfully Submitted,

LAW OFFICE OF CONRAD J. BENEDETTO

Dated: October 24, 2018

_____
Conrad J. Benedetto
LAW OFFICE OF CONRAD J. BENEDETTO
Attorney for Plaintiff
1233 Haddonfield Berlin Road
Suite # 1
Voorhees, NJ 08043
(856)500-2727
Cjbenedetto@benedettolaw.com

Dated: October 24, 2018

*/s/ Solomon M. Radner*
Solomon M. Radner (*pro hac vice to be applied for*)
EXCOLO LAW, PLLC.
Attorney for Plaintiff
26700 Lahser Road, Suite 401
Southfield, MI 48033
(248) 291-9712
sradner@excololaw.com