## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

DEBRA L. STEVENS,
ADMINISTRATOR AD
PROSEQUENDUM OF THE ESTATE OF
JIMMY LEE TESTA, AND IN HER OWN
RIGHT,

       *Plaintiffs*,

v.

NICHOLAS MULLER and
JOHN FALLICK, et al.,

       *Defendants*.

Case No.: 18-cv-15257

Hon. Karen M. Williams

---

### <u>Plaintiff's Responsive Statement of Material Facts</u>

1. Agree in part.  The CAD Abstract attached as Exhibit G to Defendants' motion identified the call code only as "Suspicious person."

2. Agree.

3. Agree.

4. Plaintiff can neither agree or disagree as the allegations contained can only be supported by the defendants since Jimmy Testa is deceased, *Abraham v Raso*, 183 F3d 279 (CA 3, 1999); and the defendants elected not to use any recording devices to support their factual account.

5. Plaintiff can neither agree or disagree as the allegations contained can only be supported by the defendants since Jimmy Testa is deceased, *Abraham v*

*Raso*, 183 F3d 279 (CA 3, 1999); and the defendants elected not to use any recording devices to support their factual account.

6.  Plaintiff can neither agree or disagree as the allegations contained can only be supported by the defendants since Jimmy Testa is deceased, *Abraham v Raso*, 183 F3d 279 (CA 3, 1999); and the defendants elected not to use any recording devices to support their factual account.

7.  Plaintiff can neither agree or disagree as the allegations contained can only be supported by the defendants since Jimmy Testa is deceased, *Abraham v Raso*, 183 F3d 279 (CA 3, 1999); and the defendants elected not to use any recording devices to support their factual account.

8.  Plaintiff can neither agree or disagree as the allegations contained can only be supported by the defendants since Jimmy Testa is deceased, *Abraham v Raso*, 183 F3d 279 (CA 3, 1999); and the defendants elected not to use any recording devices to support their factual account.

9.  Plaintiff can neither agree or disagree as the allegations contained can only be supported by the defendants since Jimmy Testa is deceased, *Abraham v Raso*, 183 F3d 279 (CA 3, 1999); and the defendants elected not to use any recording devices to support their factual account.

10. Plaintiff can neither agree or disagree as the allegations contained can only be supported by the defendants since Jimmy Testa is deceased, *Abraham v*

*Raso*, 183 F3d 279 (CA 3, 1999); and the defendants elected not to use any recording devices to support their factual account.

11. Plaintiff can neither agree or disagree as the allegations contained can only be supported by the defendants since Jimmy Testa is deceased, *Abraham v Raso*, 183 F3d 279 (CA 3, 1999); and the defendants elected not to use any recording devices to support their factual account.

12. Plaintiff can neither agree or disagree as the allegations contained can only be supported by the defendants since Jimmy Testa is deceased, *Abraham v Raso*, 183 F3d 279 (CA 3, 1999); and the defendants elected not to use any recording devices to support their factual account.

13. Plaintiff can neither agree or disagree as the allegations contained can only be supported by the defendants since Jimmy Testa is deceased, *Abraham v Raso*, 183 F3d 279 (CA 3, 1999); and the defendants elected not to use any recording devices to support their factual account.

14. Plaintiff can neither agree or disagree as the allegations contained can only be supported by the defendants since Jimmy Testa is deceased, *Abraham v Raso*, 183 F3d 279 (CA 3, 1999); and the defendants elected not to use any recording devices to support their factual account.

15. Plaintiff can neither agree or disagree as the allegations contained can only be supported by the defendants since Jimmy Testa is deceased, *Abraham v*

*Raso*, 183 F3d 279 (CA 3, 1999); and the defendants elected not to use any recording devices to support their factual account.

16. Plaintiff can neither agree or disagree as the allegations contained can only be supported by the defendants since Jimmy Testa is deceased, *Abraham v Raso*, 183 F3d 279 (CA 3, 1999); and the defendants elected not to use any recording devices to support their factual account.

17. Plaintiff can neither agree or disagree as the allegations contained can only be supported by the defendants since Jimmy Testa is deceased, *Abraham v Raso*, 183 F3d 279 (CA 3, 1999); and the defendants elected not to use any recording devices to support their factual account.

18. Plaintiff can neither agree or disagree as the allegations contained can only be supported by the defendants since Jimmy Testa is deceased, *Abraham v Raso*, 183 F3d 279 (CA 3, 1999); and the defendants elected not to use any recording devices to support their factual account.

19. Plaintiff can neither agree or disagree as the allegations contained can only be supported by the defendants since Jimmy Testa is deceased, *Abraham v Raso*, 183 F3d 279 (CA 3, 1999); and the defendants elected not to use any recording devices to support their factual account.

20. Plaintiff can neither agree or disagree as the allegations contained can only be supported by the defendants since Jimmy Testa is deceased, *Abraham v*

*Raso*, 183 F3d 279 (CA 3, 1999); and the defendants elected not to use any recording devices to support their factual account.

21. Agree.

22. Plaintiff can neither agree or disagree as the allegations contained can only be supported by the defendants since Jimmy Testa is deceased, *Abraham v Raso*, 183 F3d 279 (CA 3, 1999); and the defendants elected not to use any recording devices to support their factual account.

23. Plaintiff can neither agree or disagree as the allegations contained can only be supported by the defendants since Jimmy Testa is deceased, *Abraham v Raso*, 183 F3d 279 (CA 3, 1999); and the defendants elected not to use any recording devices to support their factual account.

24. Plaintiff can neither agree or disagree as the allegations contained can only be supported by the defendants since Jimmy Testa is deceased, *Abraham v Raso*, 183 F3d 279 (CA 3, 1999); and the defendants elected not to use any recording devices to support their factual account. Further, please see Plaintiff's *Exhibit 7* at pgs. 94-6 of Sgt. Michael Raser's deposition.

25. Plaintiff can neither agree or disagree as the allegations contained can only be supported by the defendants since Jimmy Testa is deceased, *Abraham v Raso*, 183 F3d 279 (CA 3, 1999); and the defendants elected not to use any

recording devices to support their factual account. Further, please see Plaintiff's *Exhibit 7* at pgs. 94-6 of Sgt. Michael Raser's deposition.

26. Plaintiff can neither agree or disagree as the allegations contained can only be supported by the defendants since Jimmy Testa is deceased, *Abraham v Raso*, 183 F3d 279 (CA 3, 1999); and the defendants elected not to use any recording devices to support their factual account. Further, please see Plaintiff's *Exhibit 8* at pgs. 22-25 and 61 of Dr. Feigin's deposition.

27. Plaintiff can neither agree or disagree as the allegations contained can only be supported by the defendants since Jimmy Testa is deceased, *Abraham v Raso*, 183 F3d 279 (CA 3, 1999); and the defendants elected not to use any recording devices to support their factual account.

28. Plaintiff can neither agree or disagree as the allegations contained can only be supported by the defendants since Jimmy Testa is deceased, *Abraham v Raso*, 183 F3d 279 (CA 3, 1999); and the defendants elected not to use any recording devices to support their factual account. Further, please see Plaintiff's *Exhibit 8* at pgs. 22-25 and 61 of Dr. Feigin's deposition.

29. Plaintiff can neither agree or disagree as the allegations contained can only be supported by the defendants since Jimmy Testa is deceased, *Abraham v Raso*, 183 F3d 279 (CA 3, 1999); and the defendants elected not to use any

recording devices to support their factual account. Further, please see Plaintiff's *Exhibit 8* at pgs. 22-25 and 61 of Dr. Feigin's deposition.

30. Plaintiff can neither agree or disagree as the allegations contained can only be supported by the defendants since Jimmy Testa is deceased, *Abraham v Raso*, 183 F3d 279 (CA 3, 1999); and the defendants elected not to use any recording devices to support their factual account. Further, please see Plaintiff's *Exhibit 8* at pgs. 22-25 and 61 of Dr. Feigin's deposition.

31. Plaintiff can neither agree or disagree as the allegations contained can only be supported by the defendants since Jimmy Testa is deceased, *Abraham v Raso*, 183 F3d 279 (CA 3, 1999); and the defendants elected not to use any recording devices to support their factual account.

32. Plaintiff can neither agree or disagree as the allegations contained can only be supported by the defendants since Jimmy Testa is deceased, *Abraham v Raso*, 183 F3d 279 (CA 3, 1999); and the defendants elected not to use any recording devices to support their factual account. Further, please see Plaintiff's *Exhibit 8* at pgs. 22-25 and 61 of Dr. Feigin's deposition.

33. Plaintiff can neither agree or disagree as the allegations contained can only be supported by the defendants since Jimmy Testa is deceased, *Abraham v Raso*, 183 F3d 279 (CA 3, 1999); and the defendants elected not to use any recording devices to support their factual account.

34. Plaintiff can neither agree or disagree as the allegations contained can only be supported by the defendants since Jimmy Testa is deceased, *Abraham v Raso*, 183 F3d 279 (CA 3, 1999); and the defendants elected not to use any recording devices to support their factual account.

35. Since the autopsy report and testimony from Dr. Feigin support the strikes to Jimmy's head with the flashlight, Plaintiff admits to this portion of the allegation only. Further, Plaintiff can neither agree or disagree as the allegations contained can only be supported by the defendants since Jimmy Testa is deceased, *Abraham v Raso*, 183 F3d 279 (CA 3, 1999); and the defendants elected not to use any recording devices to support their factual account.

36. Plaintiff can neither agree or disagree as the allegations contained can only be supported by the defendants since Jimmy Testa is deceased, *Abraham v Raso*, 183 F3d 279 (CA 3, 1999); and the defendants elected not to use any recording devices to support their factual account.

37. Plaintiff can neither agree or disagree as the allegations contained can only be supported by the defendants since Jimmy Testa is deceased, *Abraham v Raso*, 183 F3d 279 (CA 3, 1999); and the defendants elected not to use any recording devices to support their factual account.

38. Plaintiff can neither agree or disagree as the allegations contained can only be supported by the defendants since Jimmy Testa is deceased, *Abraham v Raso*, 183 F3d 279 (CA 3, 1999); and the defendants elected not to use any recording devices to support their factual account.

39. Plaintiff can neither agree or disagree as the allegations contained can only be supported by the defendants since Jimmy Testa is deceased, *Abraham v Raso*, 183 F3d 279 (CA 3, 1999); and the defendants elected not to use any recording devices to support their factual account. Moreover, there was no DNA evidence or fingerprint evidence to connect Jimmy to the lead pipe.

40. Plaintiff can neither agree or disagree as the allegations contained can only be supported by the defendants since Jimmy Testa is deceased, *Abraham v Raso*, 183 F3d 279 (CA 3, 1999); and the defendants elected not to use any recording devices to support their factual account.

41. Plaintiff can neither agree or disagree as the allegations contained can only be supported by the defendants since Jimmy Testa is deceased, *Abraham v Raso*, 183 F3d 279 (CA 3, 1999); and the defendants elected not to use any recording devices to support their factual account. Moreover, there was no DNA evidence or fingerprint evidence to connect Jimmy to the lead pipe.

42. Plaintiff can neither agree or disagree as the allegations contained can only be supported by the defendants since Jimmy Testa is deceased, *Abraham v*

*Raso*, 183 F3d 279 (CA 3, 1999); and the defendants elected not to use any recording devices to support their factual account. Moreover, there was no DNA evidence or fingerprint evidence to connect Jimmy to the lead pipe.

43. Plaintiff can neither agree or disagree as the allegations contained can only be supported by the defendants since Jimmy Testa is deceased, *Abraham v Raso*, 183 F3d 279 (CA 3, 1999); and the defendants elected not to use any recording devices to support their factual account.

44. Plaintiff can neither agree or disagree as the allegations contained can only be supported by the defendants since Jimmy Testa is deceased, *Abraham v Raso*, 183 F3d 279 (CA 3, 1999); and the defendants elected not to use any recording devices to support their factual account.

45. Plaintiff can neither agree or disagree as the allegations contained can only be supported by the defendants since Jimmy Testa is deceased, *Abraham v Raso*, 183 F3d 279 (CA 3, 1999); and the defendants elected not to use any recording devices to support their factual account.

46. Plaintiff can neither agree or disagree as the allegations contained can only be supported by the defendants since Jimmy Testa is deceased, *Abraham v Raso*, 183 F3d 279 (CA 3, 1999); and the defendants elected not to use any recording devices to support their factual account.

47. Plaintiff can neither agree or disagree as the allegations contained can only be supported by the defendants since Jimmy Testa is deceased, *Abraham v Raso*, 183 F3d 279 (CA 3, 1999); and the defendants elected not to use any recording devices to support their factual account. Further, please see the affidavit from Plaintiff's expert attached to their motion response as *Exhibit 9.*

48. Plaintiff can neither agree or disagree as the allegations contained can only be supported by the defendants since Jimmy Testa is deceased, *Abraham v Raso*, 183 F3d 279 (CA 3, 1999); and the defendants elected not to use any recording devices to support their factual account.

49. Plaintiff can neither agree or disagree as the allegations contained can only be supported by the defendants since Jimmy Testa is deceased, *Abraham v Raso*, 183 F3d 279 (CA 3, 1999); and the defendants elected not to use any recording devices to support their factual account. Further, please see the affidavit from Plaintiff's expert attached to their motion response as *Exhibit 9.*

50. Plaintiff can neither agree or disagree as the allegations contained can only be supported by the defendants since Jimmy Testa is deceased, *Abraham v Raso*, 183 F3d 279 (CA 3, 1999); and the defendants elected not to use any recording devices to support their factual account.

51. Plaintiff can neither agree or disagree as the allegations contained can only be supported by the defendants since Jimmy Testa is deceased, *Abraham v Raso*, 183 F3d 279 (CA 3, 1999); and the defendants elected not to use any recording devices to support their factual account.

52. Plaintiff can neither agree or disagree as the allegations contained can only be supported by the defendants since Jimmy Testa is deceased, *Abraham v Raso*, 183 F3d 279 (CA 3, 1999); and the defendants elected not to use any recording devices to support their factual account.

53. Agree.

54. Plaintiff can neither agree or disagree as the allegations contained can only be supported by the defendants since Jimmy Testa is deceased, *Abraham v Raso*, 183 F3d 279 (CA 3, 1999); and the defendants elected not to use any recording devices to support their factual account.

55. Agree.

56. Plaintiff can neither agree or disagree as the allegations contained can only be supported by the defendants since Jimmy Testa is deceased, *Abraham v Raso*, 183 F3d 279 (CA 3, 1999); and the defendants elected not to use any recording devices to support their factual account.

57. Plaintiff can neither agree or disagree as the allegations contained can only be supported by the defendants since Jimmy Testa is deceased, *Abraham v*

*Raso*, 183 F3d 279 (CA 3, 1999); and the defendants elected not to use any recording devices to support their factual account.

58. Agree..

59. Plaintiff can neither agree or disagree as the allegations contained can only be supported by the defendants since Jimmy Testa is deceased, *Abraham v Raso*, 183 F3d 279 (CA 3, 1999); and the defendants elected not to use any recording devices to support their factual account. Further, Defendants' Exhibit E is an unsworn statement.

60. Plaintiff can neither agree or disagree as the allegations contained can only be supported by the defendants since Jimmy Testa is deceased, *Abraham v Raso*, 183 F3d 279 (CA 3, 1999); and the defendants elected not to use any recording devices to support their factual account. Further, Defendants' Exhibit E is an unsworn statement.

61. Agree..

62. Agree.

63. Agree in part concerning the location of where the expandable baton was claimed to be found by investigators.

64. Agreed.

65. Agree.

66. Agree in part with respect to the location of where investigators stated the mic boxes of the officers were found.

67. Agree.

68. Agree.

69. Disagree with respect to the toxicology findings of opiates cited in the autopsy report and toxicology report. (Plaintiff's Exhibit 3 and Plaintiff's Exhibit 8).  Plaintiff agrees with the balance of the allegations as stated in this paragraph.

70. Agree.  *Abraham v Raso*, 183 F3d 279 (CA 3, 1999)

Respectfully submitted,

**JOHNSON LAW, PLC**

Dated: September 18, 2022    By: */s/ Ven R. Johnson*
Ven R. Johnson (MI. Bar No. 39219)
Attorney for Plaintiff
535 Griswold St., Suite 2632
Detroit, MI 48226
(313) 324.8300
vjohnson@venjohnsonlaw.com

**LAW OFFICE OF CONRAD J. BENEDETTO**

By: */s/ Conrad J. Benedetto*
Local Counsel for Plaintiff
1233 Haddonfield Berlin Rd., Suite #1
Voorhees, NJ 08043
(856) 500.2727
cjbenedetto@benedettolaw.com

## **Certification of Service**

      I hereby certify that Plaintiffs The Estate of Jimmy Lee Testa, and Debra L. Stevens, Administrator Ad Prosequendum and in her own right, have electronically filed with the Clerk of the United States District Court, District of New Jersey, their Responsive Statement of Material Facts, and within Certification of Service and that copies of these documents have been sent via the Federal Court's electronic filing system to Defendants' Counsel of Record.

**/s/Maria A. Reyna**
Maria A. Reyna
