```
OLIVER T. BARRY, ESQUIRE
Attorney ID # 082282013
Barry, Corrado & Grassi, P.C.
2700 Pacific Avenue
Wildwood, New Jersey 08260
(P) (609) 729-1333 (F) (609) 522-4927
obarry@capelegal.com
Attorneys for Plaintiff
```

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DEBRA L. STEVENS, Administrator ad Prosequendum of the Estate of JIMMY LEE TESTA and in her own right,<br>　　Plaintiff<br>v.<br><br>JOHN FALLICK and NICHOLAS MUELLER,<br>　　Defendants. | CASE NUMBER: 18-cv-15257-SAK<br><br>Magistrate Judge Sharon A. King<br><br>**BRIEF IN SUPPORT OF MOTION FOR RELEASE OF ADOPTION RECORDS** |

　　Plaintiff moves for an Order releasing the adoption records of Jimmy Lee Testa Jr. born in May of 2006; Mariah Testa born in May of 2007; and Christian Testa born in May of 2010.

　　The instant wrongful death and survivorship action brought pursuant to 42 U.S.C. §1983 was settled on or about April 16, 2024. Upon information and belief, decedent Jimmy Lee Testa, Jr. had three children who were previously adopted: (1) Jimmy Lee Testa, Jr.; (2) Mariah Testa; and (3) Christian Testa.  Plaintiff seeks an order directing the production of adoption records for the above referenced individuals for the sole purpose of determining whether they are entitled to take in the instant settlement under the laws of intestate succession.

1

In New Jersey, following an adoption the adoptee's original birth certificate and all related documents are placed under seal. N.J.S.A. 26:8-40.1(c). Such records may not be unsealed absent an order by a court of competent jurisdiction upon good cause shown. Ibid. Courts have the power to weigh and balance competing privacy rights and interests of involved parties and to make a determination based on the circumstances of each individual case and application. Mills v. Atlatnic City Dep't of Vital Statistics, 148 N.J. Super. 302, 312 (Ch. Div. 1977); accord N.J.S.A. 9:3-52(a)(stating all documents under seal must remain so unless a court upon good cause shown otherwise orders).

Decedent's parents have represented it is their understanding that the herein referenced children were adopted, records of which based on their residency would be with the Office of the Cape May County Surrogate, but have no other documentation or information pertaining to the same. Plaintiff makes the instant application to ascertain whether the referenced biological children have the right to receive any portion of the instant settlement under state intestacy law. Accordingly, Plaintiff is part of a class with an interest in such information and has demonstrated good cause for the unsealing and production of such records. See Mills, 148 N.J. Super. at 313 (citations omitted).

For the sake of clarity, Plaintiff submits that in order to protect the countervailing privacy interests of the decedent's

2

biological children, the records requested to be unsealed and produced should nevertheless be designated confidential pursuant to the protective order previously issued in the instant matter.

Plaintiff submits that good cause exists to direct the Office of the Cape May County Surrogate to unseal and produce records relating to the adoption of (1) Jimmy Lee Testa, Jr.; (2) Mariah Testa; and (3) Christian Testa pursuant to N.J.S.A. 26:8-40.1(c). Accordingly, the court should grant plaintiff's motion for the release of adoption records.

                              Respectfully Submitted,
                              BARRY, CORRADO & GRASSI, P.C.

Dated: 11/7/24                 Oliver T. Barry, Esquire
                              Attorneys for plaintiff